UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ROBERT WINLOCK                              :
                                            :     CASE NO. 1:09-CR-454
            Petitioner,                     :
                                            :
        v.                                  :     OPINION & ORDER
                                            :     [Resolving Doc. No. 40]
UNITED STATES OF AMERICA,                   :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In filing an action under 28 U.S.C. § 2255, Petitioner Robert Winlock moves pro se to vacate his sentence. He claims that his conviction and sentence (1) is procedurally and substantively unreasonable; (2) is the result of this Court's legal error; and (3) was caused by the ineffective assistance of counsel. [Docs. 40; 40-1.] The government opposes the motion. [Doc. 44.] For the following reasons, the Court **DENIES** Winlock's motion to vacate.

## I. Background

On January 12, 2009, a federal grand jury returned a four-count indictment against Winlock. [Doc. 1.] Winlock was charged with use of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B) (counts 1, 2, and 3), and with aggravated identity theft in violation of 18 U.S.C. § 1028A (count 4).

On January 20, 2010, Winlock pleaded guilty to all four counts without a written plea

-1-

Case No. 1:09-CR-454
Gwin, J.

agreement. On April 29, 2010, this Court sentenced Winlock to 20 months' imprisonment on counts 1, 2, and 3, all to run concurrently, and 24 months' imprisonment on count 4, to run consecutively with the sentence imposed for counts 1, 2, and 3. Winlock did not directly appeal his sentence.

In the present case, Winlock moves to vacate his sentence, claiming three grounds for relief: (1) the sentence "was procedurally and substantially unreasonable," [Doc 40-1 at 2]; (2) the Court "erred as a matter of law in failing to consider a further downward variance," [*id.* at 4]; and (3) the sentence was the result of ineffective assistance of counsel.

## II. Legal Standard

### A. Section 2255 Petition

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)

-2-

Case No. 1:09-CR-454
Gwin, J.

(citing *Hill*, 368 U.S. at 428).

### B. Ineffective Assistance Of Counsel

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test. First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* at 689.

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial. *Id.* at 687. The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### III. Analysis

With his three claims of error, Winlock raises four challenges to his sentence: (1) the Court did not correctly calculate the amount of monetary loss; (2) the Court did not consider that Winlock was also receiving Social Security Disability benefits, which could have set-off the loss amount; (3) the Court did not consider Winlock's motive (benign—to receive medical care) or mental state (severe anxiety and stress); and (4) the Court erred "in failing to consider a further downward variance . . . on [Winlock's] non-1028A violation," [Doc. 40-1 at 4.][1] "Sentencing challenges

---

[1] Winlock also makes a fifth argument that the Court did not consider that Winlock never possessed or gave the hospital his brother's social security number—he just gave the hospital his brother's name and date of birth. But that argument implicates his actual guilt and consequently, his guilty plea. Winlock never direcly appealed the validity of

-3-

Case No. 1:09-CR-454
Gwin, J.

generally cannot be made for the first time in a post-conviction § 2255 motion[,] . . . [and] must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Here, Winlock never directly appealed his sentence. Thus "he procedurally defaulted the claim he now seeks to advance on collateral review." *Van Winkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). Moreover, Winlock does not argue "cause and actual prejudice or that he is actually innocent." *Id.* (internal quotation marks omitted). Accordingly, Winlock has procedurally defaulted all sentencing claims. Noting, however, that Winlock does make some ineffective assistance claim (and recognizing that Winlock is acting pro se), the Court will construe his sentencing arguments as ones stemming from ineffective assistance. *See Weinberger*, 268 F.3d at 351 ("The Supreme Court and this court have held that challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington* . . . .").

Winlock's first three arguments are contrary to fact—his counsel raised those issues (monetary loss, Winlock's own Social Security Disability benefits, and benign motive) in a sentencing memorandum and orally at the sentencing hearing. [*See* Doc. 43 at 4, 6, 7.] And the Court noted these arguments and these arguments succeeded to some extent. After considering Winlock's arguments, this Court found that the crime "is somewhat less aggravating than most of

---

his guilty plea and cannot do so here. *Bousley v. United States*, 523 U.S. 614, 621, (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") And even if he could make that argument, Winlock does not allege that his plea was not voluntary and intelligent. *See id.*

-4-

Case No. 1:09-CR-454
Gwin, J.

the Social Security number cases or aggravated identity theft . . . ." [*Id.* at 5.][2/] And on Winlock's argument that the loss was reduced because Winlock otherwise qualified for health care assistance, the Court recognized that Winlock's counsel made persuasive arguments, that Winlock "may well qualify for certain reimbursements otherwise[,]" and that "all of the background of the offense . . . suggests a sentence below the guidelines range." [*Id.* at 17.] Thirdly, the Court noted that Winlock had "been diagnosed with some kind of paranoia condition." Then, the Court departed below the recommended guidelines range (33 to 41 months' imprisonment) and sentenced Winlock to 20 months' imprisonment on counts 1, 2, and 3 (to run concurrently). [*Id.* at 19.] Contrary to Winlock's allegations, then, Winlock actually benefitted on all the arguments he suggests were not made on his behalf, and Winlock fails to show that his attorney's performance was either deficient or prejudicial to his defense.

And to Winlock's final argument, he says he was entitled to a further downward variance on counts 1, 2, and 3. According to Winlock, the combination of his sentence on counts 1, 2, and 3, along with the consecutive, mandatory 24-month sentence on count 4, resulted in an "excessive" sentence. Again, the Court will construe this argument as one of ineffective assistance of counsel.

Winlock pleaded guilty to Use of a False Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (counts 1, 2, and 3), and to Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (count 4). That latter offense provides:

---

[2/] Even if Winlock could challenge the merits of this Court's sentencing calculation, that calculation is not in error. United States Sentencing Guidelines § 2B1.1 instruct the sentencing court to increase the base offense level by 10 if the loss exceeded $120,000. "Loss" is defined as "the greater of actual loss" ("reasonably foreseeable pecuniary harm that resulted from the offense"), "or intended loss" ("the pecuniary harm that was intended to result from the offense."). U.S.S.G. § 2B1.1 application note, cmt. 3. Winlock's calculation of $66,000 is based on the amount eventually paid by medicare and left unreimbursed to the hospitals. But the hospitals reported their total bills for Winlock's medical services at over $140,000. Accordingly, the loss exceeds $120,000, regardless of the hospitals' and medicare's subsequent negotiations.

Case No. 1:09-CR-454
Gwin, J.

> in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section

18 U.S.C. § 1028A(b)(3). In other words, "the language of the statute . . . clearly prohibits a sentencing court from taking into consideration § 1028A(a)(1)'s mandatory two-year term for aggravated identity theft to reduce the sentence that it would otherwise impose when sentencing a defendant for predicate offenses underlying the aggravated identity theft conviction." *United States v. Vidal-Reyes*, 562 F.3d 43, 50 (1st Cir. 2009).

At its core, Winlock really argues that Congress unreasonably required a mandatory and consecutive sentence for his identity theft conviction. When applied to Winlock's case, he is likely correct. This offense involved Winlock using his brother's identity when doctors referred him for hospitalization because he was delusional. Why Congress believed a mandatory and consecutive sentence was necessary for an identity theft of this type is unknown. And this Court agreed when it reduced his sentence below the Guidelines recommended sentence. This Court's reduced consecutive sentence for use of a false social security number intended to ameliorate the unnecessarily harsh punishment that Congress required. Winlock may argue that this Court did not sufficiently reduce the sentence for the use of a false social security number. In hindsight, he may be correct. But that is not ineffective assistance of counsel, and this Court's choice of a reduced sentence was not unreasonable.

Winlock, therefore, does not establish a deficiency in his representation (the argument would have been futile) or prejudice to his defense.

Case No. 1:09-CR-454
Gwin, J.

## IV. Conclusion

Accordingly, the Court finds that Winlock is not entitled to relief, and **DENIES** the Petitioner's motion to vacate. The Court further finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows that Winlock is not entitled to relief.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: June 20, 2012                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE